UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 22 C 388 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| JAMES TRIPLETT, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

James Triplett pleaded guilty to one count of conspiracy to distribute more than one kilogram of heroin under 21 U.S.C. §§ 841(a), 846. *United States v. Triplett*, 15 CR 379-2 (N.D. Ill.), ECF Nos. 159, 711. On direct appeal, Triplett's appointed counsel asserted that all potential arguments were meritless and moved to withdraw, and the Seventh Circuit granted the motion and dismissed the appeal. *United States v. Triplett*, 835 F. App'x 133 (7th Cir. 2021). Triplett now moves for relief under 28 U.S.C. § 2255. Docs. 1, 4, 5. His motion is denied.

Triplett brings several claims alleging the ineffective assistance of trial and appellate counsel and for the involuntariness of his plea agreement. As explained below, all of Triplett's claims require him to demonstrate that his counsel was ineffective. To do so, Triplett must show that: (1) his counsel's performance was deficient; and (2) he was prejudiced as a result of that deficiency. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Carter v. Douma*, 796 F.3d 726, 735 (7th Cir. 2015).

Weight of the Drugs. Triplett claims that his trial counsel was ineffective for failing to verify the weight of the heroin seized from him as measured by the Government. Doc. 1 at 4, 13. He suggests that the Government inflated the measurement by including the weight of the

individual baggies containing the heroin and the larger paper bag holding the smaller baggies. *Id*. at 4. In support, Triplett attaches photographs of the narcotics sitting on a scale while in their packaging. *Id*. at 18-19.

The record undermines Triplett's theory that the Government included the weight of the packaging when weighing the narcotics. The Government's laboratory report indicated that the "net weight" of the heroin seized from Triplett was about 590 grams, while the "gross weight" of the exhibit received by the laboratory was about 975 grams. Doc. 8-1. Reasonably understood, the laboratory report indicates that the heroin weighed 590 grams by itself, excluding the packaging. And in his plea agreement, Triplett admitted that the heroin seized from him weighed approximately 590 grams. *Triplett*, 15 CR 379-2, ECF No. 594 at p. 6. Given the evidence and Triplett's own admission, his present speculation that the drugs were improperly weighed fails to demonstrate that his counsel was deficient for failing to investigate further. *See United States v. Lathrop*, 634 F.3d 931, 938-39 (7th Cir. 2011) (holding that defense counsel was not deficient for failing to further investigate certain witnesses where it was reasonable to believe that such investigation "would be fruitless"); *Brown v. Sternes*, 304 F.3d 677, 692 (7th Cir. 2002) ("It is often times a reasonable exercise of professional judgment to limit or terminate further investigation when counsel determines that a particular investigation would be fruitless.").

Triplett also claims that his trial counsel was ineffective for failing to move to suppress a wiretap that supported the Government's theory about the quantity of drugs involved in the conspiracy. Doc. 1 at 8. But Triplett offers no reason why such a motion would have succeeded. Indeed, the court denied a codefendant's motion to suppress the same wiretap. *United States v. Levaughn Collins*, 15 CR 379-1 (N.D. Ill.), ECF Nos. 343, 546. Triplett's counsel cannot have been deficient for failing to make a motion having no apparent chance of success. *See United*

2

*States v. Reiswitz*, 941 F.2d 488, 496 (7th Cir. 1991) (holding that defense counsel was not deficient for failing to move to suppress an identification where there were no "colorable grounds for" the motion).  Accordingly, Triplett's claims related to the weight of the heroin involved in his offense fail.

<u>Career Offender Enhancement</u>.  Triplett claims that his counsel was ineffective for failing to object to his designation as a career offender under U.S.S.G. §§ 4B1.1(a), 4B1.2(b).  Doc. 1 at 5.  He offers two reasons why the failure was deficient.

First, Triplett contends that one of his two prior convictions was for a misdemeanor drug possession offense (rather than a felony manufacture or delivery offense) that does not qualify as a predicate offense as defined in U.S.S.G. § 4B1.2(b).  *Ibid*.  The presentence investigation report described the offense as a felony involving the manufacture or delivery of a controlled substance, making it a predicate offense under U.S.S.G. § 4B1.2(b).  *Triplett*, 15 CR 379-2, ECF No. 616 at ¶ 67.  After the presentence report was filed, Triplett's counsel said he would investigate the conviction to verify that it in fact qualified as a predicate offense.  *Id*., ECF No. 697 at 7.  Counsel followed up at the sentencing hearing, confirming that the conviction was for a delivery offense that properly served as a predicate for the career offender enhancement.  *United States v. Triplett*, 19-2685 (7th Cir.), ECF No. 39 at 80 (37:16-19).  Triplett continues to assert that the conviction does not qualify, but his bare assertions do not entitle him to § 2255 relief.  *See Day v. United States*, 962 F.3d 987, 992 (7th Cir. 2020) (explaining that a district court may deny a § 2255 motion without an evidentiary hearing if the movant's allegations are "too vague and conclusory") (internal quotation marks omitted); *United States v. Kovic*, 830 F.2d 680, 687 (7th Cir. 1987) (rejecting a § 2255 claim resting on the defendant's "unsupported speculation" that he was sentenced based on inaccurate information).

Second, Triplett argues that his prior convictions are not proper predicates for the career offender enhancement because the term "delivery" in 720 ILCS 570/401—the statute underlying his predicate convictions—is categorically broader than "distribute" as used in U.S.S.G. § 4B1.2(b). Doc. 1 at 5. The argument is foreclosed by precedent. *See United States v. Redden*, 875 F.3d 374, 375 (7th Cir. 2017) (holding that "delivery" as used in 720 ILCS 570/401 is as narrow as "distribut[e]" and "dispens[e]" as used in U.S.S.G. § 4B1.2(b)); *see also United States v. Ruth*, 966 F.3d 642, 654 (7th Cir. 2020) (applying the career offender enhancement to a defendant with a prior conviction under 720 ILCS 570/401). Triplett's counsel was therefore not ineffective, as "[f]ailure to raise a losing argument, whether at trial or on appeal, does not constitute ineffective assistance of counsel." *Stone v. Farley*, 86 F.3d 712, 717 (7th Cir.1996). Accordingly, Triplett's claim regarding application of the career offender enhancement fails.

"Stash House" Enhancement. Triplett maintains that his counsel was ineffective for failing to properly investigate the two-level "stash house" enhancement under U.S.S.G. § 2D1.1(b)(12) and incorrectly advising him that it would not apply to his sentence. Doc. 1 at 7. Triplett also claims that his guilty plea was involuntary, contending that he would not have pleaded guilty but for his counsel's inaccurate prediction that he would not be subject to the enhancement. Doc. 5 at 5.

When a defendant claims that his plea was involuntary due to his counsel's ineffective assistance, *Strickland*'s two-prong inquiry applies to determine the validity of the plea. *See Hill v. Lockhart*, 474 U.S. 52, 56 (1985) ("Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.") (internal quotation marks omitted); *see also St. Pierre v. Walls*, 297

F.3d 617, 634 (7th Cir. 2002) (explaining that the *Strickland* analysis applies "when a defendant

challenges the voluntariness of a plea based on inadequate advice of counsel"). Thus, the

ineffective assistance and involuntary plea claims converge for purposes of the present analysis.

It suffices to consider only *Strickland*'s prejudice prong. To demonstrate prejudice

flowing from the acceptance of a guilty plea, a defendant must "show that there is a reasonable

probability that, but for counsel's errors, he would not have pleaded guilty and would have

insisted on going to trial." *Hill*, 474 U.S. at 59. Put differently, the defendant "must … show

that his lawyer's deficiency was a decisive factor in his decision to plead guilty." *United States

v. Cieslowski*, 410 F.3d 353, 358-59 (7th Cir. 2005); *see also United States v. Barnes*, 83 F.3d

934, 940 (7th Cir. 1996) ("If [counsel's] deficiency proves to be a decisive factor in a

defendant's decision to plead guilty, the defendant has lost the full benefit of his Sixth

Amendment rights and may withdraw his plea.").

Triplett cannot make that showing. In support, he offers only a declaration stating that he

would not have pleaded guilty but for his counsel's inaccurate prediction as to the stash house

enhancement. Doc. 4 at 13; Doc. 6 at ¶ 10. Triplett's after-the-fact declaration conflicts with his

plea agreement and statements at his plea hearing. In his plea agreement, Triplett confirmed that

he understood that the Government believed the stash house enhancement applied, that the

Guidelines calculations therein were preliminary, that the court would make the final Guidelines

determinations, and that he could not withdraw his plea based on those determinations. *Triplett*,

15 CR 379-2, ECF No. 594 at pp. 7-9, 11 n.1, 13-14, 21. At his plea hearing, Triplett confirmed

that he was not pleading guilty in exchange for any particular promise and that any disagreement

with the court's Guidelines calculation or the sentence ultimately imposed would not provide a

basis for withdrawing the plea. *Triplett*, 19-2685, ECF No. 39 at 29, 30-32 (26:14-18,

27:14-29:8).  When a defendant provides such assurances, he cannot show that his guilty plea was involuntary or that he was prejudiced by his counsel's advice solely by presenting an affidavit contradicting his earlier sworn statements.  *See Bethel v. United States*, 458 F.3d 711, 719 (7th Cir. 2006) (holding that a defendant could not show prejudice where he had "repeatedly insisted at his plea hearing that he was not relying on a particular sentence in entering his plea"); *United States v. Peterson*, 414 F.3d 825, 826-27 (7th Cir. 2005) (holding that a defendant was not prejudiced where he had assured the court that he was not promised that his sentences would run concurrently).  Consequently, Triplett cannot show prejudice for his counsel's allegedly errant prediction, and his claims fail.

Sentence Reform and Corrections Act of 2017.  Triplett claims that his guilty plea was involuntary because his counsel misinformed him about the possibility of serving some of his sentence in home confinement.  Doc. 5 at 4.  Specifically, Triplett claims that he pleaded guilty only because his trial counsel wrongly told him that he would be eligible to serve up to 25% of his sentence in home confinement upon passage of the Sentence Reform and Corrections Act of 2017, S. 1917, 115th Cong, which was then pending in Congress but never since enacted.  Doc. 4 at 6-7, 12-13.

As noted, *Strickland*'s two-prong inquiry applies to a claim that a plea was involuntary due to ineffective assistance of counsel.  *See Hill*, 474 U.S. at 56; *St. Pierre*, 297 F.3d at 634.  It again suffices to consider only the prejudice prong.  At the time of his guilty plea, the legislation was pending in Congress.  Doc. 6 at ¶ 4.  Even if the bill passed, it would have made Triplett eligible (but not guaranteed) to spend a (relatively small) portion of his sentence in home confinement.  *Ibid*.; *see* S. 1917, § 204.  Given the speculative chain of events required for Triplett to in fact spend any of his sentence in home confinement, it is (to say the very least)

difficult to believe that Triplett pleaded guilty due to his counsel's advice regarding the bill. In any case, Triplett's repeated assurances in his guilty plea and at the sentencing hearing that he was not pleading guilty in expectation of any particular sentence mean that he cannot show prejudice. *See Bethel*, 458 F.3d at 719; *Peterson*, 414 F.3d at 826-27.

Triplett also claims that his counsel was ineffective for failing to move to withdraw his guilty plea. Doc. 5 at 7. He avers that after his original counsel withdrew after he entered his plea, he instructed his new attorney to move to withdraw the plea if his previous counsel was wrong about the possibility of serving up to 25% of the sentence in home confinement. Doc. 6 at ¶¶ 8-10. The argument fails for reasons already explained: Triplett was not prejudiced by any incorrect advice regarding home confinement in his decision to plead guilty. *See Bethel*, 458 F.3d at 719; *Peterson*, 414 F.3d at 826-27. Moreover, Triplett provides no reason why the court would have granted a motion to withdraw his guilty plea. Whether to permit a plea withdrawal is within the district court's discretion, and withdrawal may be warranted "where the defendant shows actual innocence or legal innocence" or "where the guilty plea was not knowing and voluntary." *United States v. Graf*, 827 F.3d 581, 583 (7th Cir. 2016)). Triplett does not contend that he would have argued actual or legal innocence and, as explained, he cannot show that his plea was not knowing or voluntary.

Plea Bargaining Process. Triplett claims that his appellate counsel was ineffective for failing to challenge on appeal the district court's "participation in [his] plea discussions," Doc. 5 at 8, which he says induced him to plead guilty. Doc. 4 at 4-6, 14-15. True enough, a "court must not participate in [plea] discussions." Fed. R. Crim. P. 11(c)(1); *see also United States v. Kraus*, 137 F.3d 447, 452 (7th Cir. 1998) ("The proscription against judicial intervention [in plea negotiations] has been widely construed as categorical."). But that is not what happened here, as

the parties had negotiated a plea agreement before the plea hearing. At the hearing, the court ensured that Triplett understood the Government's charge as to how much heroin was involved in the conspiracy and that the Guidelines calculation would consider all the drugs involved in the conspiracy, not just those found in Triplett's possession. *Triplett*, 19-2685, ECF No. 39 at 10-12 (7:11-9:7). It is not only permitted but expected that a court "will take an active role in evaluating the agreement" at a plea hearing and ensuring that "the defendant's plea is both voluntary and knowing." *Kraus*, 137 F.3d at 452-53; *see also* Fed. R. Crim. P. 11(b)(1)(G) (providing that the court must ensure that a defendant who is pleading guilty understands "the nature of each charge to which the defendant is pleading"); *United States v. Burnside*, 588 F.3d 511, 520 (7th Cir. 2009) ("[N]ot all judicial observations expressed with respect to plea agreements violate the rule."). Accordingly, the claim fails.

\* \* \*

Triplett's § 2255 motion is denied. A certificate of appealability shall not issue because Triplett has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). Triplett's request for an evidentiary hearing, Doc. 4 at 15, is denied because "the files and records of the case conclusively show that [he] is entitled to no relief." 28 U.S.C. § 2255(b). Because there will be no evidentiary hearing, and because Triplett's claims fail factually or legally, his request for appointment of counsel, Doc. 13 at 1, is denied as well. *See* Rule 8(c) of the Rules Governing Section 2255 Proceedings ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A."); 18 U.S.C. § 3006A ("Whenever … the court determines that the interests of justice so require, representation may be provided for any

financially eligible person who … is seeking relief under section 2241, 2254, or 2255 of title 28.").

September 19, 2022

_____

United States District Judge